UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY ERIC SCHAEFER,

    Plaintiff,

v.

FIRST DATA CORPORATION,

    Defendant.
                                      /

Case No. 2:10-cv-11840

HONORABLE STEPHEN J. MURPHY, III

## ORDER DENYING TEMPORARY RESTRAINING ORDER

This is an action for damages pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693k ("EFTA") and Regulation E, 12 C.F.R. Part 205. The plaintiff, Jeffrey Eric Schaefer, appearing pro se, filed a verified complaint seeking a temporary restraining order and order to show cause why the Court should not issue a preliminary injunction. For the reasons stated below, the Court will deny plaintiff's motion for a temporary restraining order and order to show cause.

Shaefer's verified complaint alleges that he is a graduate student enrolled at Central Michigan University ("CMU") in their online graduate masters program. Verified Complaint, ¶ 5. He is the recipient of Free Application for Federal Student Aid ("FAFSA") benefits, a grant from the United States Department of Education for payment of his graduate school tuition, text books, and money for room and board while in graduate school. *Id.*, ¶ 6. Shaefer states that procedure at CMU is that CMU receives the grant for each semester in which plaintiff is entitled to benefits, pays the tuition for the semester, and then issues the plaintiff a debit card with the remainder of the grant. *Id.*, ¶ 7.

Schaefer alleges that during the week of April 5, 2010, CMU informed him that CMU had received $10,500 from FAFSA and was processing the grant. Verified Complaint, ¶

9. CMU told the plaintiff that after processing CMU would credit his debit card with $7,494, which would be active and available for his use by April 12, 2010. *Id.*, ¶ 10. Shaefer alleges that on April 10, 2010 he received a Money Network Debit Card Number 5301-3300-0528-5396 issued by defendant First Data Corporation ("First Data"). *Id.*, ¶ 11.

Schaefer called First Data on Monday, April 12, 2010 to activate the card and was informed that the available funds for use was $36.00, rather than the $7,494.00 that Central Michigan had credited to his account. Verified Complaint, ¶¶ 12-13. That same day, Schaefer notified the defendant orally and in writing of Debit Card Identity Fraud. Verified Complaint, ¶ 14. Schaefer alleges that under Regulation E, 12 C.F.R. 205, the defendant had an obligation to provide the plaintiff with a provisional credit within ten business days after oral and written notice of the identity theft. Verified Complaint, ¶ 17. Schaefer also alleges that the defendant told him that his debit card would be provided with the provisional credit required by Regulation E once he provided First Data with the police report number, but the defendant has not so credited his card despite having been provided with the requested documentation. *Id.* Schaefer alleges that the defendant was required by law to provide him with the credit by April 29, 2010, but failed to do so, causing an exigency in that Schaefer was required on that day to order text books and other documentation for the courses he was enrolled in at CMU, for the Summer I session which started May 3, 2010. Verified Complaint, ¶¶ 16-20

Schaeffer' verified pro se complaint contains two counts. In the first court, Schaefer alleges a violation of the EFTA and Regulation E. In the second count, Schaefer alleges that First Data breached its duty of good faith and fair dealing. Schaefer seeks actual and statutory damages, and attorneys fees and costs.

Schaefer's verified complaint also seeks an ex parte temporary restraining order and an order to show cause why a preliminary injunction should not issue. In support of his request for an ex parte temporary restraining order, Schaefer alleges the following as to irreparable injury:

> The Plaintiff today and every day in the near future continues to face irreparable injury, as the violation of Regulation E and the mandatory ten (10) day provisional credit, directly interferes with his ability to timely comply with his educational needs, which interferes with the intent of the United States Government FAFSA grant that has allocated the FAFSA grant to Plaintiff, by distributing the Gross amount of the Grant to Central Michigan University as Plaintiff's designated University to complete his graduate studies, and interfered with the Direct Deposit of proceeds from the FAFSA grant to Plaintiff by direct deposit of said funds into a Money Network Debit Cark (sic) issued by Defendant to Plaintiff so Plaintiff would have access to the FAFSA grant for his educational needs after the monies were deposited into the Money Network Card Debit Card issued by Defendant to Plaintiff for this express purpose and implied purpose of providing Plaintiff with direct receipt of the funds necessary for his education.

Verified Complaint ¶ 31.

Schaefer seeks an ex parte order requiring the defendant and subsidiary to provide him with a provisional credit of the disputed funds (apparently $7,458.00) and seeks an order of this Court requiring the defendant to show cause why a preliminary injunction should not issue.

## Standards for Issuing Temporary Restraining Orders

Plaintiff seeks a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure. Rule 65(b)(1), provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
>   (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>   (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

3

Plaintiff's submissions fail to meet the requirements for the Court to issue such a temporary restraining order. First, the plaintiff has failed comply with the procedural requirements of Fed. R. Civ. P. 65(b)(1)(B), which requires a party seeking ex parte relief to certify in writing any efforts made to give notice of the motion for the restraining order and reasons why notice should not be required. The plaintiff has not so certified, and therefore the Court has no power to issue the requested temporary restraining order under the plain language of Rule 65(b)(1).

The plaintiff's filing also fails to meet the substantive requirements for ex parte relief. Ordinarily, a district court is justified in proceeding ex parte where notice to the adverse party is impossible, as in cases where the adverse party is unknown or is unable to be found, or where notice to the defendant would render fruitless further prosecution of the action. *First Technology Safety Systems, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). The burden on the plaintiff is to allege "specific facts" that "clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The plaintiff has not carried his burden to present specific facts which clearly show the need for ex parte relief in this matter.

For these reasons, plaintiff's Motion for Temporary Restraining Order and Order to Show Cause is **DENIED**.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: May 7, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 7, 2010, by electronic and/or ordinary mail.

Alissa Greer  
Case Manager